IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PATRICIA A. LYLES, an individual;

     *Plaintiff,*

v.
                                  Civil Action No. 2:17-cv-01974
                                  Hon. Thomas E. Johnston

FTL LTD., INC., a West
Virginia corporation; and
NATIONAL CASUALTY COMPANY,
An Arizona corporation,

     *Defendants.*

## PLAINTIFF'S REPLY TO DEFENDANT FTL LTD., INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]

COMES NOW Plaintiff, Patricia A. Lyles ("Plaintiff"), by counsel, Scott S. Segal, Jason P. Foster and the Segal Law Firm, L.C., and submits the following Reply to Defendant FTL Ltd., Inc.'s Response in Opposition to Plaintiff's Motion for Summary Judgment.

Defendant FTL Ltd., Inc. ("FTL") asserts that the Settlement Agreement in the underlying action obligates Plaintiff to reimburse it for any payments made by National Casualty Company ("NCC") under the MCS-90 Endoresement. This argument fails for multiple reasons.

Simly put, there is no "circle of indemnity" in this case because Plaintiff never agreed to reimburse FTL for insurance payments made to her on behalf of FTL's insurer. As explained in Plaintiff's Response in Opposition to NCC's Motion for Summary Judgment, Plaintiff was not even aware of the existence of the MCS-90 Endorsement when she entered into the Settlement Agreement. See Doc. No. 32 at pp. 11-13. According to Syllabus Point 2 of *Triad Energy Corp.*

---

[1] Plaintiff notes her Motion to Remand [Doc. No. 5] is currently pending and that the filing of this Reply to Defendant FTL Ltd., Inc.'s Response in Opposition to Plaintiff's Motion for Summary Judgment constitutes compliance with the Court's Scheduling Order and is not a waiver of her the jurisdictional arguments set forth in her Motion to Remand.

*of W. Va., Inc. v. Renner*, 215 W. Va. 573, 600 S.E.2d 285 (2004), "[a] meeting of the minds of the parties is a sine qua non of all contracts." Furthermore:

> The meeting of the minds requirement has been recognized by this Court as specifically applicable to settlement agreements. *See*, *Riner*, *supra*, 211 W.Va. at 144, 563 S.E.2d at 809; *State ex rel. Evans v. Robinson*, 197 W.Va. 482, 475 S.E.2d 858 (1996), cert. denied, 519 U.S. 1121 (1997), "**a court may only enforce a settlement when there has been a definite meeting of the minds**." 197 W.Va. at 485, 475 S.E.2d at 861. In *O'Connor v. GCC Beverages*, 182 W.Va. 689, 691, 391 S.E.2d 379, 381 (1990), this Court stated: "It is well understood that 'since a compromise and settlement is contractual in nature, a definite meeting of the minds of the parties is essential to a valid compromise, since a settlement cannot be predicated on equivocal actions of the parties." 15A C.J.S. Compromise & Settlement, sec. 7(1) (1967)"

As stated in *Messer v. Huntington Anesthesia Group, Inc.*, 222 W. Va. 410, 418, 664 S.E.2d 751 (2008), "[t]he contractual concept of 'meeting of the minds' or 'mutual assent' relates to **the parties having the same understanding of the terms of the agreement reached**. See 17 C.J.S. Contracts § 35 (1999)." (Emphasis added.)

In the present case, NCC's right of reimbursement against FTL for any payments made pursuant to the MCS-90 Endorsement was not disclosed to Plaintiff prior to the execution of the Settlement Agreement. Nor was it included within the explicit terms of the Settlement Agreement. In fact, the reimbursement provisions of the Settlement Agreement specifically mention Plaintiff's obligation to satisfy subrogation and reimbursement claims from health insurers, Medicare and/or Medicaid and other government agencies: the Settlement Agreement makes absolutely no mention of reimbursement rights of the Defendants, *inter se*. *See* [Doc. 28-10] at p. 3. Accordingly, there was never a meeting of the minds with regard to NCC's purported reimbursement rights as against FTL.

Furthermore, NCC's claim that the Settlement Agreement allows NCC to recover the money it pays to FTL under the MCS-90 Endorsement from Plaintiff produces an absurd result in light of the fact that the limited Settlement Agreement specifically provides that FTL is released only beyond the limits of any applicable insurance. "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. Pt. 3 of *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962); *see also Dunbar FOP, Lodge 119 v. City of Dunbar*, 218 W. Va. 239, 244, 624 S.E.2d 586 (2005) (stating that "[g]enerally, [the Supreme Court of Appeals of West Virginia] will not interpret a contract in a manner that creates an absurd result."). To highlight the absurdity of NCC's argument, K&K Trucking's insurer could, under the reimbursement provision, suddenly seek reimbursement from K&K Trucking for the payment to Plaintiff under K&K Trucking's liability policy. Such a ludicrous interpretation of the reimbursement provisions would render the entire Settlement Agreement illusory and unenforceable.

Additionally, it is the explicit policy of the regulations behind MCS-90 Endorsement to provide a source of recovery for members of the public who are injured by negligent motor carriers where insurance coverage is insufficient to compensate the injuries. Any argument that NCC could recover an MCS-90 payment made on behalf of FTL from Plaintiff runs counter to the public policy behind the regulation. See Syllabus Point 3 of *Finch v. Inspectech*, LLC, 229 W. Va. 147, 727 S.E.2d 823 (2012) stating, in part, that "[w]hen an express agreement is freely and fairly made, between parties who are in an equal bargaining position, and there is no public interest with which the agreement interferes, it generally will be upheld."[2]

---

[2] Additionally, FTL's claimed right of reimbursement is void and unenforceable under W. Va. Code § 24A-6-7(a).

Finally, even if NCC could claim a right of reimbursement under the Settlement Agreement, the made-whole rule would apply and Plaintiff would not be required to reimburse NCC for the payment unless and until she is made whole thereby breaking the alleged "circle of indemnity." As explained in Syllabus Point 3 of *Kanawha Valley Radiologists, Inc. v. One Valley Bank, N.A.*, 210 W. Va. 223, 557 S.E.2d 277 (2001), "[u]nder general principles of equity, in the absence of statutory law or valid contractual obligations to the contrary, an insured must be fully compensated for injuries or losses sustained (made whole) before the subrogation rights of an insurance carrier arise.". The Court went on to state that "[i]ndeed, subrogation is an equitable principle and, as such, the general rules of equity, including the made-whole rule, will apply regardless of whether the subrogation arises from common law or by contract, unless a contrary agreement is clearly and expressly stated." *Id.* at p. 228.

The Settlement Agreement includes no clear and express waiver of the made-whole rule nor would any plaintiff ever agree to such a waiver. Based on the facts and law above, NCC's claim for reimbursement, even if valid, does not preclude application of the MCS-90 Endorsement to the underlying personal injury action.

WHEREFORE, for the foregoing reasons, and those set forth in the Memorandum of Law accompanying Plaintiff's Motion for Summary Judgment and in Plaintiff's Response in Opposition to NCC's Motion for Summary Judgment, Plaintiff respectfully requests that the Court find that the Form MSC-90 Endorsement provides coverage for Plaintiff's claim in the underlying personal injury action and award Plaintiff attorney fees incurred herein.

*Respectfully submitted,*

**PATRICIA A. LYLES,**

**Plaintiff,**

**By Counsel:**

_____ s/ *Jason. P. Foster* _____
Scott S. Segal (WV Bar I.D. #4717)
Jason P. Foster (WV Bar I.D. #10593)
**THE SEGAL LAW FIRM**
**A Legal Corporation**
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 344-9100
Facsimile:  (304) 344-9105

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PATRICIA A. LYLES, an individual;
*Plaintiff,*

v.                                              Civil Action No. 2:17-cv-01974
                                                Hon. Thomas E. Johnston

FTL LTD., INC., a West
Virginia corporation; and
NATIONAL CASUALTY COMPANY,
An Arizona corporation,
*Defendants.*

## CERTIFICATE OF SERVICE

I, Jason P. Foster, counsel for the Plaintiff, do hereby certify that on this the 28th day of December, 2017, I electronically filed the foregoing *Plaintiff's Reply to Defendant FTL LTD., Inc.'s Response in Opposition To Plaintiff's Motion for Summary Judgment* using the CM/ECF system which will send notification of such filing to the following counsel of record:

Lee Murray Hall, Esq.
Sarah A. Walling, Esq.
Kierston Eastham Rosen, Esq.
JENKINS FENSTERMAKER, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
*Counsel for National Casualty Company*

Scott McMickle, Esquire
MCMICKLE KUREY & BRANCH, LLP
200 South Main Street
Alpharetta, GA  30009
*Counsel for National Casualty Company*

Thomas H. Peyton, Esq.
PEYTON LAW FIRM, PLLC
2801 First Avenue, P.O. Box 216
Nitro, WV 25143
*Counsel for FTL, Ltd., Inc.*

                        *s/ Jason. P. Foster*
                        Scott S. Segal (WV Bar I.D. #4717)
                        Jason P. Foster (WV Bar I.D. #10593)
                        THE SEGAL LAW FIRM
                        A Legal Corporation
                        810 Kanawha Boulevard, East
                        Charleston, West Virginia 25301
                        Telephone: (304) 344-9100
                        Facsimile:  (304) 344-9105