IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICIA A. LYLES,

                Plaintiff,

v.                                           CIVIL ACTION NO. 2:17-cv-01974

FTL LTD, INC., et al.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand and for Attorney Fees. (ECF No. 5.) For the reasons stated herein, the Court **DENIES** the Motion.

*I. BACKGROUND*

This case arises out of an insurance claim involving a commercial vehicle collision in the Southern District of West Virginia between a car driven by Plaintiff and a truck driven by Neil Hasen. (*See* ECF No. 1 at 1–2; ECF No. 1-2 at 5–7.) The truck was owned by K&K Trucking, Inc. ("K&K") and subject to an agreement entered into between K&K and FTL Ltd., Inc. ("FTL"). (*See* ECF No. 1-2 at 6.) Under the agreement, K&K provided commercial hauling services to FTL, which was made possible by FTL permitting K&K to use the DOT Number issued to FTL on K&K's truck. (*See id.*) Defendant National Casualty Company ("NCC") denied coverage

1

under FTL's liability insurance policy because the truck involved in the accident was not listed as a covered vehicle. (*See id*. at 6–7.) The policy also contained a Form MCS-90 Endorsement as required by the Federal Motor Carrier Safety Regulations, which provided primary coverage for FTL in the amount of $750,000.00. (*See id.* at 7) On January 24, 2017, Plaintiff accepted $945,679.55 from NCC "in exchange for full and complete Release of all claims against FTL, Neil Hasen, and K&K," resulting in Neil Hasen and K&K being dismissed from the civil action, and FTL remaining as qualified by the Release. (*See* ECF No. 1 at 2.) Plaintiff is a resident of West Virginia, (ECF No. 1-2 at 1), Defendant FTL is a West Virginia corporation, (*id*.), and Defendant NCC is an Arizona corporation, (*id*. at 2).

On February 14, 2017, Plaintiff filed her Complaint for Declaratory Judgment in the Circuit Court of Kanawha County, West Virginia. (*Id*. at 4.) The Complaint states that Defendant NCC "has denied coverage under Defendant FTL's liability insurance policy." (*See id*. at 8.) It alleges that coverage is due to Plaintiff as provided under the Form MCS-90 endorsement to Defendant FTL's liability insurance policy. (*See id*.) The Complaint requests "a declaration that coverage is available to Plaintiff under the Form MCS-90 endorsement to Defendant FTL's liability insurance policy issued by Defendant NCC." (*See id* at 9.)

NCC removed the case to this Court on March 22, 2017. NCC asserts that Plaintiff has raised a federal question pursuant to 28 U.S.C. § 1331 by seeking coverage under the Form MCS-90 endorsement, and that the parties are diverse and the amount in controversy exceeds $75,000 in satisfaction of 28 U.S.C. § 1332. (*See* ECF No. 1 at 3–9.) NCC argues that although FTL is a West Virginia corporation, FTL's citizenship should be disregarded because FTL is a nominal and fraudulently joined party. (*See id*. at 4–8.) Plaintiff filed the current Motion to Remand on

April 21, 2017, in which she asserts that this Court lacks federal question jurisdiction because coverage under Form MCS-90 does not present a substantial federal question, it lacks diversity jurisdiction over the matter because FTL is a West Virginia corporation, and FTL's failure to join in the Notice of Removal violates the Rule of Unanimity. (*See* ECF No. 6 at 2–8.) Defendant responded to the motion on May 5, 2017, (ECF No. 9), and Plaintiff filed her reply brief on May 12, 2017, (ECF No. 11). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe

removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). In evaluating a party's claim to federal jurisdiction, a court should look toward the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)).

The Supreme Court has long "read the statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted). "This . . . rule . . . makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.*

"There are, however, certain limited exceptions to the complete diversity requirement." *Mansfield v. Vanderbilt Mortg. & Fin., Inc.*, 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014). "One such exception is for so-called 'nominal parties.'" *Id.* (citation omitted). "Early in its history, [the Supreme] Court established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citation omitted). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* (citation

4

omitted). "This 'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (citation omitted). "This exception helps to prevent a party from overriding congressionally prescribed bases for removal through strategic pleading." *Id.*

For purposes of this exception, "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the . . . nominal defendant in any reasonably foreseeable way." *Id.* Examples of situations where courts found that a party was a nominal party include the following: (1) the plaintiff sought no form of relief against the nominal party and all claims against that party were settled, *see id.* at 261; *see also Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005) (noting that courts found that a party was a nominal party where it had "already settled" with the opposing parties (citation omitted)); (2) the party was identified only as an "unknown John Doe[]," *Allen*, 396 F. Supp. 2d at 733 (citation omitted); (3) the party was an "insurance company simply holding funds until" a court directed "which parties should receive the funds," *id.* (citation omitted); (4) "the party was not involved in the activities charged in the complaint," *Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13CV882, 2014 WL 842983, at *2 (M.D.N.C. Mar. 4, 2014) (citation omitted); and (5) "there [was] no basis for imputing liability" to the party, *id.* (citation omitted). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case, which district courts can be relied upon to apply with . . . sound judgment . . . ." *Hartford Fire Ins. Co*, 736 F.3d at 260.

Another exception to the complete diversity requirement is fraudulent joinder. The Fourth Circuit lays a "heavy burden" upon a defendant claiming fraudulent joinder. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "The removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Id*. (quoting *Hartley*, 187 F.3d at 424).

This "rigorous standard" strongly favors the plaintiff seeking remand. *Id*. It requires a showing not of ultimate success on the merits of the claim, but only of a "possibility of a right to relief" against the nondiverse defendant. *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)). In making this determination, the plaintiff is entitled to the resolution of all factual and legal issues in her favor. *Mayes*, 198 F.3d at 465. The standard for fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424; *see also Allard v. Laroya*, 163 F. Supp. 3d 309, 311 n.2 (E.D. Va. Feb. 5, 2016) (noting that *Hartley* was decided before the Supreme Court's recent heightening of the federal pleading standard and, thus, that the Fourth Circuit's statement "was noting that the fraudulent joinder standard is higher than the old possibility standard of 12(b)(6)"). Fraudulent joinder claims are thus "subject to a rather black-and-white analysis in this circuit," with "[a]ny shades of gray . . . resolved in favor of remand." *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012). "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426.

Given the "draconian" rigor of this standard, *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 662 (S.D. W. Va. 2003), "fraudulent joinder is typically only found in cases of legal impossibility." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014); *see also Kallman v. Aronchick*, 981 F. Supp. 2d 372, 380 (E.D. Pa. 2013) (noting that a "finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility" (quoting *West v. Marriott Hotel Servs., Inc.*, Civil Action No. 10–4130, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010))). Nonetheless, a complaint may be "so inadequate and the record so entirely lacking in factual support that [a court] can only reasonably conclude that the non-diverse defendants were added to defeat jurisdiction." *Flores*, 563 F. App'x at 269. In such cases, where the plaintiff fails to make any allegations that could allow a court to reasonably infer a cause of action, a finding of fraudulent joinder is appropriate. *Id*. at 270; *see also AIDS Counseling & Testing Centers v. Group W Television, Inc*., 903 F.2d 1000, 1003 (4th Cir. 1990) (noting that fraudulent joinder exists where no cause of action is stated against a nondiverse defendant).

In general, when determining the issue of fraudulent joinder, a court "is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling*, 903 F.2d at 1004 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). However, consideration of matters outside the pleadings are discretionary, *see Flores*, 563 F. App'x at 269 (noting that a court is "only permitted, not required, to look beyond the complaint to determine the propriety of removal"), and the Court is mindful of the Fourth Circuit's recognition that permitting "extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdiction

rules," *Hartley*, 187 F.3d at 425, and direction to "minimize threshold litigation over jurisdiction," *id*.

### III. ANALYSIS

The parties' dispute encompasses both avenues of subject-matter jurisdiction as well as the Rule of Unanimity. Plaintiff argues that this case should be remanded on four bases: (1) coverage under Form MCS-90 does not present a substantial federal question, (2) FTL, a West Virginia resident, is an indispensable party to this action, (3) both Plaintiff and FTL are West Virginia residents, and (4) FTL's failure to join in the Notice of Removal violates the rule of unanimity. (ECF No. 5.) NCC disputes all of the bases argued by Plaintiff, but most notably argues that while FTL is a West Virginia resident, FTL is both a nominal party and was fraudulently joined. (ECF No. 9.) For this case to be remanded, the Court must find that there is neither federal question jurisdiction nor diversity.

A party is nominal when that party has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co*, 736 F.3d at 260. Plaintiff argues that the Form MCS-90 would give "NCC the right to seek reimbursement from FTL for any payments made [to Plaintiff] under" the Form MCS-90, which in turn would apply with "equal force to both NCC and FTL" should this Court grant declaratory judgment in favor of Plaintiff. (ECF No. 6 at 6–7.) Based upon the foregoing analysis, Plaintiff concludes that NCC is required to provide payment to Plaintiff, which makes FTL a real party in interest. (*Id*. at 7; ECF No. 11 at 7–8.)

"The key inquiry [in determining if a party is nominal] is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way."

8

*Hartford Fire Ins. Co*, 736 F.3d at 260. The Fourth Circuit has been clear that the word nominal means "'trifling' or '[e]xisting in name only.' *Black's Law Dictionary* 1148 (9th ed. 2009)." *Id*. The plain language of the Release entered into between the parties follows the definition of a nominal party as determined by the Fourth Circuit and clearly states that FTL remains "in this civil action ***in name only***, for the sole purpose of allowing Plaintiff to seek additional insurance coverage for the subject accident and any extra-contractual damages to which FTL may be entitled." (ECF No. 1-1 (emphasis in original).) The Release further prevents Plaintiff from seeking any compensation from or executing any civil action judgments against FTL. (*Id*.) The Release ultimately keeps FTL in any potential civil action in name only and precludes FTL from incurring any potential financial liability in the civil action at hand. Therefore, FTL falls under the "in name only" definition as articulated by the Fourth Circuit, thus rendering FTL a nominal party to this action.

Furthermore, the proposition that FTL is a real party in interest because a declaratory judgment would apply to both FTL and NCC is incorrect. This suit will be wholly resolved through immediate consequences to Plaintiff and NCC only. Should NCC seek reimbursement from FTL if NCC were found liable for payment to Plaintiff, it would be sought and/or litigated following a final decision of this Court, not during or within this action. It appears that no decision of this Court would require FTL to incur any financial liability in the instant controversy; only NCC would be required to pay Plaintiff. (*See* ECF Nos. 1-1, 9 at 8–10.)

Plaintiff additionally argues that FTL is not fraudulently joined because the "declaratory judgment applies with equal force to both NCC and FTL, as either Defendant may be required to provide payment to Plaintiff should the Form MCS-90 ultimately provide coverage." (ECF No.

9

6 at 6–7.) Plaintiff maintains that there is a possibility that she may receive payment from either FTL or NCC, thus preventing FTL from being categorized as a fraudulently joined party. The Court rejects this conclusion. Based on the Release, (ECF No. 1-1), as discussed *supra*, no decision of this Court would require FTL to incur any financial liability; only NCC would be required to pay Plaintiff. Thus, even considering the rigorous standard of fraudulent joinder, Plaintiff cannot maintain a cause of action here that would satisfy the standard and allow Plaintiff to receive payment from FTL. This Court is unable to reasonably infer a cause of action against FTL based on the allegations in the Complaint and can only conclude that FTL, as a non-diverse defendant, was added to defeat or avoid this Court's jurisdiction. Therefore, the Court finds that FTL is fraudulently joined.

Plaintiff also argues that FTL's failure to join in the Notice of Removal violates the Rule of Unanimity. However, because the Court finds that FTL is a nominal party, the Rule of Unanimity is not violated because the consent of a nominal party is not required to effectuate proper removal. *Hartford Fire Ins. Co*, 736 F.3d at 259.

## IV. CONCLUSION

Therefore, because this Court finds that FTL is a nominal and fraudulently joined party, satisfying the diversity requirement, the Court will not address the issue of federal question. Furthermore, because this Court finds that removal was proper, attorney fees are not appropriate pursuant to 28 U.S.C. § 1447(c). Accordingly, the Court **DENIES** Plaintiff's Motion to Remand and For Attorney Fees. (ECF No. 6.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 7, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE